**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Case No. 04-CR-80729-DT

JESSIE JAMES WASHINGTON,

    Defendant.

                                               /

**ORDER DENYING DEFENDANT'S "MOTION FOR REDUCTION OF SENTENCE"**

      Pending before the court is Defendant Jessie James Washington's April 26, 2006 motion to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35.  On September 1, 2004, Defendant was charged with bank fraud, aiding and abetting, and various identity theft violations in a twenty-six-count indictment.  On June 13, 2005, he pled guilty to bank fraud, aiding and abetting, and on September 13, 2005 was sentenced to thirty months in custody to be served consecutive to the undischarged term of a state sentence, sixty months of supervised release, and ordered to pay restitution in the amount of $93,300.00, plus a special assessment of $100.00. Defendant did not appeal.

      In his motion, Defendant argues that the court should reduce his sentence because "he is well on the way to a meaningful reentry into society" and "his children and his mother have begun to feel the effects of his imprisonment." (Def.'s Mot. at ¶ 11.)  Defendant also details his learning experiences while in state custody, which include completing a course to become a Microsoft Certified Systems

Engineer/Microsoft Certified Professional, working as a GED testing tutor, reading over seventy books, learning two foreign languages, attending volunteer programs, completing fifty college credit hours, and writing two books.  (*Id.* at ¶ 8.)  He also states that he has returned to the Christian faith and no longer desires marijuana or alcohol, substances he claims put him on his criminal path.  (*Id.* at ¶¶ 9-10.)

In addition, Defendant asserts that his family is struggling without him.  (*Id.* at ¶ 11.)  He claims that his son has lost interest in school and has developed behavioral problems, and that his daughter has become withdrawn, disobedient, and has had a succession of abusive, older boyfriends.  (*Id.*)  He is his mother's only son and he claims that the uncertainty of his confinement has made her health worse.  (*Id.* at ¶¶ 9, 11.)

Defendant asserts that case law demonstrates that district courts are "vested with the discretion to grant a defendant's motion for reduction of sentence" when the sentence seems unduly harsh or when the defendant has an exemplary prison record.  (*Id.* at ¶ 12.)  He cites a number of cases for this assertion, including *United States v. Horton*, 693 F.3d 857, 859 (9th Cir. 1982); *United States v. Eastman*, 758 F.2d 1315, 1317 (9th Cir. 1984); *United States v. Byerley*, 46 F.3d 694, 700 (7th Cir. 1995); *United States v. Williams*, 15 F.3d 1356 (6th Cir. 1994); and *United States v. Eaves*, 849 F.2d 363 (8th Cir. 1988).

In its response, the government argues that all of the cases cited by Defendant have little precedential value "in light of their vintage" and the fact that Defendant's offense conduct and sentencing occurred subsequent to the enactment of the Sentencing Reform Act of 1984 and the adoption of the current version of Fed. R. Crim.

P. 35.  (Gov't's Resp. at 2.)  The government points out that under the current version of Rule 35, there are very few opportunities to change a sentence that has already been imposed.  (*Id.*)

The court is constrained to agree with the government.  Under the current version of Fed. R. Crim. P. 35, a sentence may be reduced under Rule 35(a) in the event of "arithmetical, technical, or other clear error" within seven days after sentencing.  Fed. R. Crim. P. 35(a).  Under Rule 35(b), a court may reduce a sentence for substantial assistance "*upon the government's motion.*"  Fed. R. Crim. P. 35(b) (emphasis added).  Defendant, however, has not presented evidence of any "arithmetical, technical, or other clear error," *see* Fed. R. Crim. P. 35(a), and the government has stated that it "does not intend to move for any further reduction." (Gov't's Resp. at 2.)  The court, therefore, will deny Defendant's motion.

As the court is impressed with the progress that Defendant Washington has reported about himself thus far, the court certainly encourages him to maintain his rehabilitative efforts.  Accepting responsibility, working hard and bettering himself through education, as well as helping others with their educational pursuits, seems to the court the most productive thing Defendant can do for his children now.  If Defendant accepts his sentence and continues to improve himself, Defendant's mother might find solace in at least knowing the certainty of the sentence and that this lengthy term in custody has encouraged Defendant to achieve his educational and religious goals.  Further, similar unusual rehabilitation has in the past formed the basis for a court's discretionary ability to modify or shorten the term of supervised release.  Assuming that Defendant's progress to date has been accurately reported and that it continues

unabated, this court might later be persuaded to modify the nature or shorten the duration of Defendant's supervised release obligations.

IT IS ORDERED that Defendant's motion for reduction of sentence [Dkt. # 38] is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: July 13, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 13, 2006, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Orders\04-80729.WASHINGTON.DenyingMotionforReducedSentence.2.wpd